IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:20-CV-00021-M

TONI MALINDA HAWKINS, )
)
    Plaintiff, )
)
v. )
) **ORDER**
KILOLO KIJAKAZI,[1] )
*Acting Commissioner of the Social Security* )
*Administration,* )
)
    Defendant. )

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Kimberly A. Swank [DE-32]. Judge Swank recommends that the court deny Plaintiff's Motion for Judgment on the Pleadings [DE-24], grant Defendant's Motion for Judgment on the Pleadings [DE-30], and affirm the final decision of the Acting Commissioner of the Social Security Administration [DE-15]. Hawkins filed Objection[s] to [the] Recommended Decision [DE-33]. Defendant did not respond to these objections. This matter is ripe for ruling.

## I. DISCUSSION

### A. Standard of Review

The Federal Magistrates Act requires that a district court review de novo those portions of the M&R to which objection is made. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)). Without timely objection, a district court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Id.* (citing Fed. R. Civ. P. 72). Upon careful review of the record, "the court

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, she is automatically substituted, in place of Andrew M. Saul, as Defendant.

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required consists of more than "a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] an ALJ's findings," a district court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ " 'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.*

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007). "[G]eneral, non-specific objections" to the M&R are not sufficient. *Suttles v. Chater*, 107 F.3d 867, 1997 WL 76900, at *1 (4th Cir. 1997) (unpublished) (per curiam) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Objecting to all of the M&R contravenes the purposes of the Federal Magistrates Act. *See Howard*, 932 F.2d at 509 (explaining that these objections require the district court to perform identical tasks to the magistrate judge).

2

## B. Review of Hawkins' Objections and the M&R

Hawkins' counsel asserts the same claims of error that were considered and rejected by Judge Swank by summarily objecting to:

1. The M&R finding that "the ALJ appropriately evaluated the medical source statements and opinions of Dr. Arthur Wardell," DE-33 at 1;

2. The M&R finding that "the ALJ properly determined that [Hawkins] was not disabled under Vocational Rule 201.14," *id.*;

3. The M&R finding that "the ALJ properly assessed [Hawkins'] RFC at the reduced range of light work," *id.* at 2;

4. The M&R finding that "the ALJ did not err in finding that [Hawkins'] statements were not entirely consistent with the medical and other evidence," *id.*;

5. The M&R finding that "the ALJ did not err in posing a proper hypothetical question to the VE," *id.*; and

6. The alleged failure of the ALJ and Judge Swank "to evaluate and discuss the fact that [Hawkins] lost her health insurance and was unable to afford medical treatment recommended by Dr. Wardell in June 2017 and August 2018," *id.*

In short, Hawkins seeks a do-over. Without elaboration or substantive alteration, Hawkins' counsel incorporates by reference the arguments from earlier briefing. *See* DE-33 at 1–2 (stating that Hawkins "relies upon the specific arguments advanced and set forth in her Brief in Support of Motion for Judgment on the Pleadings," and "contends that her arguments and contentions on each issue were more fully discussed and set forth in [that] Brief . . . ."). Other district courts have found similarly vexatious practices to render de novo review unnecessary. *See, e.g., Nichols v. Colvin*, 100 F. Supp. 3d 487, 498 (E.D. Va. 2015) (concluding that reviewing the case as a whole

would "negate the entire purpose of magistrate review" where "the brief outlining Plaintiff's objections was largely a summary, and at times a direct copy of the memorandum he submitted to [the magistrate judge].").

Nonetheless, after a de novo review of the record and arguments, the court overrules Hawkins' objections. These arguments were cogently addressed in the M&R adopted here. The court finds that the ALJ applied appropriate legal standards, and substantial evidence supports the ALJ's decision.

Hawkins does not object to the M&R's "Statement of the Case," "Standard of Review," "Disability Determination," or "ALJ's Findings" sections. The court finds no clear error with those sections on the face of the record and therefore adopts those portions of the M&R as well.

## II. Conclusion

In sum, the court: (1) OVERRULES Hawkins' objections [DE-33]; (2) ADOPTS the M&R [DE-32]; (3) DENIES Hawkins' Motion for Judgment on the Pleadings [DE-24]; (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE-30]; and (5) AFFIRMS the decision of the Acting Commissioner [DE-15]. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant and close this case.

SO ORDERED this 27th day of September, 2021.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4